Eugene J. Egan (State Bar No. 130108)
　*eje@manningllp.com*
Paul Hanna (State Bar No. 222012)
　*pxh@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION (erroneously served as TARGET STORES)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEANETTE RANGEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION and DOES 1 TO 20, Inclusive,<br><br>　　　　Defendant. | Case No. 2:17-cv-04231 DSF (RAOx)<br><br>**ORDER**<br>**RE STIPULATED PROTECTIVE ORDER**<br><br>**[F.R.C.P. 26(a)(1)]**<br><br>Trial Date: 7/10/18 |

　　　IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

　　　1.　　This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) For

purposes of this Stipulated Protective Order Confidential Material is specifically defined as follows:

    (1)    Team Member Handbook (Hourly);

    (2)    Team Member Handbook (Executive);

    (3)    Safety Training - New Team Member Orientation DVD;

    (4)    Spill Clean-Up Training Card;

    (5)    Basic Safeness - Managing Guest Incidents;

    (6)    Basic Safeness Sales Floor Guide (Employee);

    (7)    Basic Safeness Sales Floor Guide (Trainer).

2.    The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential"). If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3.    Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.    Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.    Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the

1 Confidential Material so disseminated (such as by "Bates stamp" number).  Such
2 record shall be made available to the designating party upon request.
3     6.    If additional persons become parties to this Lawsuit, they shall not have
4 access to any Confidential Material until they execute and file with the Court their
5 written agreement to be bound by the terms of this Order.
6     7.    In the event that any question is asked at a deposition that calls for the
7 disclosure of Confidential Material, the witness shall answer such question (unless
8 otherwise instructed not to do so on grounds of privilege) provided that the only
9 persons in attendance at the deposition are persons who are qualified to receive such
10 information pursuant to this Order.  Deposition testimony may be designated as
11 confidential following the testimony having been given provided that:  (1) such
12 testimony is identified and designated on the record at the deposition, or (2) non-
13 designating counsel is notified of the designation in writing within thirty days after
14 receipt by the designating party of the respective deposition transcript.  All
15 deposition transcripts in their entirety shall be treated in the interim as
16 "Confidential" pursuant to paragraph 2 above.  When Confidential Material is
17 incorporated in a deposition transcript, the party designating such information
18 confidential shall make arrangements with the court reporter not to disclose any
19 information except in accordance with the terms of this Order.
20     8.    If a deponent refuses to execute a Confidentiality Agreement,
21 disclosure of Confidential Material during the deposition shall not constitute a
22 waiver of confidentiality. Under such circumstances, the witness shall sign the
23 original deposition transcript in the presence of the court reporter and no copy of the
24 transcript or exhibits shall be given to the deponent.
25     9.    With respect to any communications to the Court, including any
26 pleadings, motions or other papers, all documents containing Confidential Material
27 shall be communicated to the Court in a sealed envelope or other appropriate sealed
28 container on which shall be written the caption of  this Lawsuit, an indication of the

1 nature of the contents of the sealed envelope or container, and the words
2 "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."  All
3 communications shall indicate clearly which portions are designated to be
4 "Confidential."  Any communications containing Confidential Material shall be
5 returned to the submitting party upon termination of this Lawsuit (whether by
6 dismissal or final judgment.)

7       10.    The Clerk of the Court is directed to maintain all communications
8 received by the Court pursuant to paragraph 9 above under seal.  All such
9 communications shall be maintained in the Court's file in a sealed envelope or other
10 appropriate sealed container on which shall be written the caption of this Lawsuit,
11 an indication of the nature of the contents of the sealed envelope or container, and
12 the following statement: "Enclosed are confidential materials filed in this case
13 pursuant to a Protective Order entered by the Court, and the contents shall not be
14 examined except pursuant to further order of the Court."

15       11.    If a non-designating party is subpoenaed or ordered to produce
16 Confidential Material by another court or administrative agency, such party shall
17 promptly notify the designating party of the pending subpoena or order and shall not
18 produce any Confidential Material until the designating party has had reasonable
19 time to object or otherwise take appropriate steps to protect such Confidential
20 Material.

21       12.    If a party believes that any Confidential Material does not contain
22 confidential information, it may contest the applicability of this Order to such
23 information by notifying the designating party's counsel in writing and identifying
24 the information contested.  The parties
25 shall have thirty days after such notice to meet and confer and attempt to resolve the
26 issue.  If the dispute is not resolved within such period, the party seeking the
27 protection shall have thirty days in which to make a motion for a protective order
28 with respect to contested information.  Information that is subject to a dispute as to

whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal of final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

///
///
///
///
///

17. STRICKEN BY MAGISTRATE JUDGE OLIVER

IT IS ORDERED:

*[signature: Rozella A. Oliver]*

DATED: October 23, 2017      JUDGE OF UNITED STATES DISTRICT COURT